PEOPLE v. GRECO.

1. CRIMINAL LAW—WITNESSES—PRODUCTION AT TRIAL.

Failure of the prosecution to produce as witness at jury trial in prosecution for burglary and larceny stenographer who made record of defendant's alleged confession was not error where she was neither a *res gestae* witness nor an eyewitness and although defendant's counsel had been advised before second trial that her name was stricken from information he took no timely action to obtain her testimony.

2. SAME—EYEWITNESSES.

The prosecution is not obliged to produce at the trial a person who was not an eyewitness of the crime charged.

3. SAME—CODEFENDANT AS WITNESS.

In second trial on prosecution of defendant for burglary and larceny, claim that trial court committed prejudicial error in not having a ׳codefendant at first trial called as a witness for the State was without merit where such person had changed his plea to one of guilt during first trial, his name had never been indorsed on information and defendant's counsel had not requested that the witness be produced but sought a new trial by setting up that testimony which such person might have given in defendant's behalf was newly-discovered testimony.

4. SAME—INSTRUCTIONS—CONSPIRACY—INDICTMENT AND INFORMATION.
   In second trial of defendant on prosecution for burglary and larceny, charge to jury in which reference was made to conspiracy *held*, not to constitute prejudicial error, notwithstanding information in which defendant and two others had been jointly charged did not contain a count charging conspiracy.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—LACK OF DILIGENCE—BURDEN OF PROOF.
   Denial of motion for new trial because nature of alleged newly-discovered evidence or why it had theretofore been undiscovered had not been shown was not error where such alleged newly-discovered evidence was that of person who had been jointly charged with defendant and had pleaded guilty during previous trial.

6. CRIMINAL LAW—MISTRIAL—DISQUALIFICATION OF JUDGE.
   In the absence of showing of disqualification of trial judge it was not error for him to hear jury trial of case of defendant after having declared a mistrial when a codefendant on charge of burglary and larceny had changed his plea from not guilty to one of guilty.

Appeal from Recorder's Court of the City of Detroit; Gordon (Arthur E.), J. Submitted January 13, 1944. (Docket No. 74, Calendar No. 41,766.) Decided April 3, 1944.

Frank Greco was convicted of breaking and entering a dwelling in the nighttime with intent to commit a felony. Affirmed.

*John G. Romanoff,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *John G. Balose, Harold Helper,* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

NORTH, C. J. This is an appeal from the recorder's court for the city of Detroit. On De-

cember 10, 1940, Frank Greco, the appellant, together with Frank Amorello and Kenneth Walker, were jointly charged on two counts, (1) breaking and entering a dwelling in the nighttime with intent to commit a felony, and (2) larceny. Walker pleaded guilty. The other two pleaded not guilty and waived jury trial. After the court heard the evidence, Amorello withdrew his plea of not guilty and on January 25, 1941, pleaded guilty. Upon motion by appellant, the court then declared a mistrial as to Greco. Thereafter, on March 21, 1941, Greco was tried before a jury, found guilty and later sentenced.

On December 7, 1940, Greco gave a statement to police officers admitting participation in the crime. The stenographic record of this confession was made by Ann Senick who was later indorsed on the information as a witness for the people. After the mistrial, the prosecutor's motion that the name of this stenographer be stricken from the information was granted. Counsel for defendant was advised of this procedure before the second trial. It is a fair inference from the record that defendant's counsel at the time of the jury trial made a motion to have Ann Senick's name indorsed on the information, and that this motion was denied. Defendant made no showing that Ann Senick was a *res gestae* witness. She was not an eyewitness. The confession appears in the record only through the testimony of the police officer who had charge of the case. Walker, who was a witness at the trial, testified the confession was signed only to expedite getting out of the police station. As Ann Senick was not an eyewitness, the prosecution was not obliged to produce her at the trial. The defendant's attorney knew her name had been stricken from the information but did not

take any timely action to obtain her testimony. Hence the defendant is not now in a position to claim error in this regard.

In appellant's brief the question is also raised as to whether the trial court committed prejudicial error in not having Frank Amorello called as a witness for the State. Amorello's name was at no time indorsed on the information as a witness. Nor did defendant's counsel at any time during the trial of the case request that Amorello be produced as a witness. Instead, as hereinafter noted, in defendant's motion for a new trial defendant sets up that the testimony which Amorello might have given in behalf of defendant was newly-discovered testimony. Under the circumstances this claim of error is without merit.

The defendant claims error in that the trial judge, in charging the jury, discussed conspiracy notwithstanding the information contained no count charging conspiracy. A careful reading of the charge to the jury persuades us that the reference to conspiracy was not prejudicial (*People* v. *MacCullough,* 281 Mich. 15, 28); and further that the charge fully protected the defendant's rights and properly apprised the jury of its duties and the various verdicts it might return.

Upon motion for new trial on the ground (among others) of newly-discovered evidence, the defendant failed to show by affidavit the nature of such evidence or why it had theretofore been undiscovered. As the evidence claimed to be newly discovered was that of Amorello, one of the three original defendants, we must hold that the defendant had failed to use due diligence in ascertaining such evidence before trial, and also failed to make such a showing as would have justified the court in granting a new

trial on the ground of newly-discovered evidence. There was no error in denying the motion for a new trial.

Nor can we agree with the defendant that error resulted from the same judge hearing this jury case who had previously declared a mistrial. The record is barren of any evidence whatever of disqualification of the judge to continue in the case.

We have examined the other reasons and grounds for appeal and find none which warrant a further discussion of the case.

Judgment is affirmed.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.